NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SYNQOR, INC.,**
*Plaintiff-Appellee,*

v.

**ARTESYN TECHNOLOGIES, INC. AND ASTEC AMERICA, INC.,**
*Defendants-Appellants,*

AND

**BEL FUSE, INC.,**
*Defendant-Appellant,*

AND

**CHEROKEE INTERNATIONAL CORP. AND LINEAGE POWER CORP.,**
*Defendants-Appellants,*

AND

**DELTA ELECTRONICS, INC., DELTA PRODUCTS CORP., MURATA ELECTRONICS NORTH AMERICA, INC., MURATA MANUFACTURING CO., LTD., MURATA POWER SOLUTIONS, INC., AND POWER-ONE, INC.,**
*Defendants-Appellants.*

---

2011-1191, -1192, -1193, -1194, 2012-1069, -1070, -1071, -1072

Appeals from the United States District Court for the Eastern District of Texas in case no. 07-CV-0497, Judge T. John Ward.

## ON MOTION

Before MOORE, *Circuit Judge.*

### ORDER

Bel Fuse et al. and Murata Manfacturing Co., Ltd. each move to stay these appeals pending the inter parties reexaminations of the patents-in-suit. SynQor, Inc. opposes. Bel Fuse and Murata reply.

These motions arise out of a complaint brought by SynQor in the United States District Court for the Eastern District of Texas in November 2007, charging the defendants-appellants with infringement of five patents, including (1) U.S. Patent No. 7,072,190 (the '190 patent); (2) U.S. Patent No. 7,269,034 (the '034 patent); (3) U.S. Patent No. 7,272,021 (the '021 patent); (4) U.S. Patent No. 7,558,083 (the '083 patent); and (5) U.S. Patent No. 7,564,702 (the '702 patent). A jury found that the appellants had infringed each patent and awarded damages. The case is currently on appeal before this court, although additional proceedings remain pending below.

Defendant Murata filed a petition for inter parties reexamination of several claims of the '190 and '021 patents in August 2009 and reexamination petitions for the remaining three patents were filed in 2010. Bel Fuse seeks a stay pending completion of the reexamination of only the 021 and 190 patents, which Murata expects to be completed "in approximately 10 to 14 months." According to the appellants, in the reexaminations of the '190 and

'021 proceedings, in its first level of review, the PTO has rejected all claims being examined and SynQor has filed an appeal seeking review by the BPAI.

The power of the Court to stay proceedings is incidental to its inherent power to control the disposition of the cases on its docket. *See Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). Here, we cannot say the appellants have shown that staying proceedings for such a lengthy period of time is warranted. Bel Fuse and Murata's reliance on this court's decision in *Standard Havens Prods., Inc. v. Gencor Indus.*, 996 F.2d 1236 (Fed. Cir. 1993) to support a contrary conclusion is unpersuasive.

This court in *Standard Havens* directed the district court to stay its damages proceedings until the PTO reexamination proceeding became final. In that case, the PTO's proceedings were complete and the decision of the BPAI was on appeal before another district court. Here, however, the court is being asked to stay proceedings at the relative end of the litigation process pending a lengthy administrative process that even the appellants predict will take at least 10-14 months to complete. Under these circumstances, we deem it appropriate to deny the motions to stay.

Accordingly,

IT IS ORDERED THAT:

The motions to stay are denied.

FOR THE COURT

JAN 3 1 2012
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 3 1 2012

JAN HORBALY
CLERK

cc: Donald R. Dunner, Esq.
Constantine L. Trela, Jr., Esq.
Gary M. Hnath, Esq.
Alan D. Smith, Esq.
Eric W. Benisek, Esq.
William F. Lee, Esq.

s19